NORTH PACIFIC S. S. CO. v. INDUSTRIAL ACCIDENT COMMISSION et al.

District Court, D. California. December 14, 1918.

No. 386.

1. Courts ⚖═262(2)—Legal remedy in state court, existing or lost, is no barrier to appeal to equity in federal court, wherein plaintiff has no legal remedy.

That plaintiff had sufficient legal remedy in state courts, but neglected to exercise it, was no barrier to suit in equity in federal court, since legal remedy in state court, existing or lost, is no barrier to appeal to equity in federal court, where plaintiff has no legal remedy.

2. Injunction ⚖═113—Cause of action, warranting enjoining of individuals from committing trespasses by and with void judgment, arises when trespass is threatened or committed.

Cause of action, warranting injunction enjoining individuals from committing trespasses by means of and with void judgment, arises when trespass is threatened or committed.

3. Injunction ⚖═113—Laches, barring suit to enjoin individuals from committing trespasses by and with void judgment, would date only from trespass.

Laches, as barring suit to enjoin individuals from committing trespasses by means of and with void judgment, would date only from trespass.

4. Courts ⚖═40—Judgment ⚖═577(2)—Proceedings in tribunal without jurisdiction are void, and aggrieved party need not seek review, but at any stage may treat them as null, and defend against trespass by their use.

Proceedings in a tribunal without jurisdiction of person or matter are void, and aggrieved party need not seek remedy by review, but at any stage may treat them as null, and defend against trespass by and with their use thereafter.

**5. Courts ⟨☞⟩508(2)—State Industrial Accident Commission is judicial tribunal, whose proceedings federal court cannot stay; "proceedings in any court" (28 USCA § 379).**

State Industrial Accident Commission is judicial tribunal, and its proceedings are "proceedings in any court" of state which federal court cannot stay, under Rev. St. § 720 (28 USCA § 379; Comp. St. § 1242).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proceeding.]

In Equity. Suit by the North Pacific Steamship Company against the Industrial Accident Commission and others. Decision in accordance with opinion.

Glensor & Clewe, of San Francisco, Cal., for plaintiff.

Christopher M. Bradley, of San Francisco, Cal., for defendant Commission.

Herbert N. Ellis, of Los Angeles, Cal., for defendant Soley.

BOURQUIN, District Judge. This suit seeks to enjoin enforcement of a money judgment void on its face, for that enforcement by defendant Soley by means of the state's judicial instrumentalities will deprive plaintiff of property without due process of law, contrary to the Fourteenth Amendment. Defendants' motions to dismiss are upon the grounds that plaintiff had a sufficient legal remedy in the state courts, but neglected to exercise it.

[1-3] But plaintiff has no legal remedy in this court, and a legal remedy in a state court, existing or lost, is no barrier to an appeal to equity herein. Nevada-California, etc., Co. v. Hamilton (D. C.) 235 F. 339, and cases cited. Furthermore, it is to be noted that this suit is not to annul or in any wise operate upon the void judgment, but is to enjoin individuals from committing trespasses by means of and with said judgment. The cause of action arises when the trespass is threatened or committed, and it is such trespasses that will be enjoined. Laches would date only from the trespass.

[4, 5] Still further, proceedings in a tribunal without jurisdiction of person or matter are void, and the aggrieved party need not seek a remedy by review, but at any stage may treat them as null, and defend against trespass by and with their use thereafter. Simon v. Ry. Co., 236 U. S. 125, 35 S. Ct. 255, 59 L. Ed. 492. The motions are denied. However, the court of its own motion will dismiss the suit as to the commission. It is a judicial tribunal, and its proceedings are "proceedings in any court," which this court cannot stay.

Section 720, R. S. U. S. (28 USCA § 379; Comp. St. § 1242). And as there is no dispute within the jurisdiction of this court, so far as the commission is concerned, section 37, Judicial Code (28 USCA § 80), directs the suit against it be dismissed.

Note further the commission's activities are ended, so far as this void judgment is concerned, and nothing is really charged against it—no relief due against it.